UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

LADON D. MOORE,

        Plaintiff,

v.

UNKNOWN JOHNSON et al.,

        Defendants.
_____/

Case No. 1:22-cv-872

Honorable Ray Kent

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 20.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

On September 21, 2022, Plaintiff filed his original complaint, seeking only injunctive relief. (ECF No. 1.) Subsequently, on December 15, 2022, Plaintiff filed a first amended complaint (ECF No. 23), the signature for which was received on December 27, 2022 (ECF No. 25). "An amended complaint supersedes an earlier complaint for all purposes," *Calhoun v. Bergh*, 763 F.3d 409, 410 (6th Cir. 2014) (citing *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013)); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009). Accordingly, Plaintiff's amended complaint, which also seeks only injunctive relief, is presently before the Court.

Prior to filing his first amended complaint, Plaintiff filed a motion seeking to transfer to a new facility (ECF No. 9), a motion to amend his complaint to add defendants while Plaintiff

exhausts his administrative remedies (ECF No. 10), a motion to appoint counsel (ECF No 11), a motion to dismiss Plaintiff's request for a preliminary injunction (ECF No. 14), and two motions to reinstate Plaintiff's request for a preliminary injunction (ECF Nos. 16 and 17).

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court

screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Plaintiff sues the following ECF staff: Unknown Transportation Officers, Warden Unknown Burgess, Unknown 5-Block Nurses, Resident Unit Manager Unknown Johnson, Assistant Deputy Warden Unknown Erway, Assistant Deputy Warden Unknown Clouse, Mental Health Service Chief Brian Majerezyk, and Unknown 5-Block Segregation Officers. Plaintiff also sues MDOC Director Heidi Washington.

In his original complaint, Plaintiff asked that the Court enter a "preliminary injunction that would protect [Plaintiff] from any future harm when transfer[red] from ECF to Bellamy Creek Correctional Facility (IBC), protective custody (PC)." (Compl., ECF No. 1, PageID.1 (internal quotation marks omitted).) Subsequently, Plaintiff was transferred to IBC. (*See* ECF No. 19.) After Plaintiff's transfer to IBC, he filed his amended complaint, and he again asks the Court to award injunctive relief[2] based upon several incidents at Plaintiff's former correctional facility—ECF. (Am. Compl., ECF No. 23, PageID.130.)

---

[2] Although Plaintiff's amended complaint supersedes that original complaint for all purposes, Plaintiff's amended complaint does not describe the injunctive relief that Plaintiff seeks. Accordingly, in reading Plaintiff's *pro se* amended complaint indulgently, the Court has looked to the original complaint for a more complete understanding of the injunctive relief that Plaintiff seeks.

In the amended complaint, Plaintiff alleges that, after writing a grievance against Defendants 5-Block Segregation Officers at ECF, Plaintiff saw these Defendants tampering with Plaintiff's food. (*Id.*, PageID.127.) Plaintiff now suffers from an "unsolvable and unspecified" medical condition involving his stomach. (*Id.*)

Despite knowing that there was a "hit on [Plaintiff's] life in 1-Block," Defendant Johnson asked Plaintiff to return to 1-Block on an unspecified date. (*Id.*) Thereafter, other prisoners threatened Plaintiff's life "if transferred with [Plaintiff] to IBC." (*Id.*)

At some unspecified date, Defendants Clouse, Erway, Majerzyk, and Johnson placed Plaintiff in an observation cell without medical authorization on the grounds that Plaintiff was not eating enough. (*Id.*, Page ID.128.) Plaintiff alleges that this was done in retaliation for Plaintiff filing grievances against Defendants 5-Block Segregation Officers. (*Id.*) Although Plaintiff told Defendants Clouse, Erway, Majerzyk, and Johnson that he was fasting for religious reasons, Defendants "did [not³] care." (*Id.*)

On July 21, 2022, Defendant ECF Transportation Officers took Plaintiff down a dirt road with a "closed road sign on it," causing Plaintiff mental distress. (*Id.*)

Plaintiff alleges that Defendant Burgess failed to investigate and supervise his staff with respect to the foregoing events. (*Id.*) Plaintiff also wrote to Defendant Washington about his complaints against Defendants 5-Block Segregation Officers and ECF Transportation Officers. (*Id.*, PageID.128–29.)

---

³ Plaintiff's amended complaint states that Defendants "did care" (ECF No. 23, PageID.128); however, reviewing Plaintiff's allegations in context, omitting "not" appears to be an error.

5

Finally, Plaintiff alleges that in September and October of 2022, Defendants 5-Block Nurses tampered with Plaintiff's medication, causing Plaintiff to vomit, lose his balance, and experience headaches. (*Id.*, PageID.29.)

## II.     Pending Motions

### A.     Motion to Transfer to New Facility

On October 6, 2022, Plaintiff filed a motion, requesting that the Court enter an order transferring Plaintiff to a new facility pending the resolution of Plaintiff's request for a preliminary injunction due to "traumatizing and tumultuous conditions" related to Plaintiff's digestive health concerns and allegations that Defendants 5-Block Segregation Officers continued to tamper with Plaintiff's food. (ECF No. 9.) However, shortly thereafter, Plaintiff was transferred to a new facility, from ECF to IBC. (*See* ECF No. 19 (noting Plaintiff's change of address).) The Court therefore will deny Plaintiff's motion to transfer to a new facility (ECF No. 9) as moot.

### B.     Motion to Amend Complaint to Add Defendants

On October 6, 2022, Plaintiff also filed a motion to amend his complaint to add additional defendants while Plaintiff exhausted his administrative remedies. (ECF No. 10.) The Court need not address the merits of Plaintiff's motion because the motion is now moot given that Plaintiff later filed an amended complaint (ECF Nos. 23 and 25), replacing the original complaint for all purposes. *See Calhoun*, 763 F.3d at 410. The Court therefore will deny Plaintiff's motion to amend his original complaint to add defendants (ECF No. 10) as moot.

### C.     Motion to Appoint Counsel

In his motion to appoint counsel, Plaintiff asserts that counsel is needed because of the "complexity of the issues, "the procedural posture of the case," and Plaintiff's lack of experience and expertise. (ECF No. 11, PageID.77.) Plaintiff claims that he is unable to prosecute this action and Plaintiff's various motions without the help of any attorney. (*Id.*, PageID.78.)

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's motion to appoint counsel (ECF No. 11) will, therefore, be denied.

### D.     Motions to Dismiss and Reinstate Preliminary Injunction

In connection with his original complaint, Plaintiff requested a preliminary injunction, asking that this Court enter an order to "protect [Plaintiff] from any future harm when transfer[red]" from ECF to IBC. (ECF No. 1, PageID.1.)

On October 11, 2022, Plaintiff filed a motion to dismiss his request for a preliminary injunction on the grounds that it was no longer necessary because Plaintiff was informed that he would be transferred between October 5, 2022, and October 14, 2022. (ECF No. 14, PageID.91.) However, on October 13, 2022, Plaintiff filed two motions to reinstate his request for a preliminary injunction, claiming that, since filing his motion to dismiss, Plaintiff was subjected to additional harm. (ECF No. 14, 16.)

Not only is Plaintiff's original request for a preliminary injunction—and, therefore, these related motions—moot given the filing of Plaintiff's amended complaint, but, as discussed in detail

7

below, Plaintiff's request for injunctive relief generally is moot given Plaintiff's transfer to a new facility. Accordingly, for the reasons set forth in this opinion, the Court will deny Plaintiff's motions to dismiss and to reinstate Plaintiff's request for a preliminary injunction.

## III.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

### A. Plaintiff Fails to State a Claim Against Defendant Washington

Plaintiff does not specify the nature of his claims against Defendant Washington. He alleges only that he wrote to Defendant Washington about his complaints against Defendants 5-Block Segregation Officers and ECF Transportation Officers. (ECF No. 23, PageID.128.) Presumably, Plaintiff believes that Defendant Washington did not provide him with a satisfactory response. However, regardless of Defendant Washington's response, or lack thereof, Plaintiff's allegations are insufficient to state a claim against Defendant Washington under § 1983.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

9

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts showing that Defendant Washington encouraged or condoned the conduct of her subordinates, or authorized, approved, or knowingly acquiesced in the conduct. Indeed, Plaintiff fails to allege any facts about Defendant Washington's conduct. Plaintiff's vague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Defendant Washington was personally involved in the events described in Plaintiff's amended complaint. Such conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Accordingly, the Court will dismiss Plaintiff's action against Defendant Washington.

### B.     Plaintiff's Amended Complaint, Seeking Only Injunctive Relief, Is Moot

As to the remaining Defendants, including Unknown Transportation Officers, Warden Unknown Burgess, Unknown 5-Block Nurses, Resident Unit Manager Unknown Johnson, Assistant Deputy Warden Unknown Erway, Assistant Deputy Warden Unknown Clouse, Mental Health Service Chief Brian Majerezyk, and Unknown 5-Block Segregation Officers (collectively, ECF Defendants), Plaintiff seeks only injunctive relief. (ECF No. 23, PageID.130). However,

Plaintiff is no longer confined at ECF, which is where he avers that the ECF Defendants are employed.

The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's claims for injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). Underlying this rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *id.*; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

Plaintiff is now incarcerated at IBC. (*See* ECF No. 19.) The ECF Defendants are not employed at that correctional facility. Therefore, Plaintiff cannot maintain this action for injunctive relief against them. The Court will dismiss Plaintiff's amended complaint against the ECF Defendants.

## Conclusion

Plaintiff's motion seeking to transfer to a new facility while Plaintiff's request for a preliminary injunction is pending (ECF No. 9), motion to amend his complaint to add defendants while Plaintiff exhausts his administrative remedies (ECF No. 10), motion to appoint counsel (ECF No 11), motion to dismiss Plaintiff's request for a preliminary injunction (ECF No. 14), and two

motions to reinstate Plaintiff's request for a preliminary injunction (ECF Nos. 16, 17) will be denied.

Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  February 14, 2023                    /s/ Ray Kent
                                             Ray Kent
                                             United States Magistrate Judge